BUCHANAN v. GOODE

PROPERTY—REAL PROPERTY—RESTRICTIVE COVENANT—WORDS AND
PHRASES—SITE—DEFINITION.

> Restrictive covenant running with land in subdivision that limits
> construction on each "site" to one single-family house *held*,
> to impose this restriction on each lot in the subdivision, es-
> pecially in view of the fact that this restriction was observed
> by everyone else in the subdivision.

Appeal from Oakland, Moore (Arthur E.), J. Submitted Division 1 December 9, 1968, at Detroit. (Docket No. 4,455.) Decided January 27, 1969.

Complaint by James Buchanan, Jane Buchanan, and other property owners similarly situated, against Gilbert C. Goode, Gary Homes, Inc., a Michigan corporation, and others, to enjoin building construction in violation of a restrictive covenant. Injunction granted. Defendants appeal. Affirmed.

*Hill, Lewis, Adams & Goodrich* (*Lee B. Durham, Jr.*, of counsel), for plaintiffs.

*Nern & Alfs*, for defendants.

PER CURIAM. Plaintiffs, as surrounding subdivision lot owners, obtained an injunction preventing defendants from dividing their lot and building two

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Covenants, Conditions and Restrictions § 288.

dwellings in contravention of recorded restrictions common to and adhered to by all but one of the other subdivision lot owners. Defendants filed this appeal.

A portion of the restrictions was phrased as follows:

"No building shall be erected on any site excepting one single private residence dwelling   *   *   *."

Defendants contend that "site" does not refer to any specific land area, *i.e.,* a "lot", and therefore, the above language applies only to the type of building permissible and not to the number of dwellings which can be erected on each lot. They claim that ambiguous terms should be resolved in favor of the free use of property. The lower court rejected defendants' word manipulation, stating that "site" and "lot" were synonymous in this matter, and held that the restrictions prohibited the erection of more than a single residence on each lot. We agree with that reasoning, particularly in a situation where a single residence restriction was respected by the remaining lot owners to which it applied. See *Library Neighborhood Ass'n* v. *Goosen* (1924), 229 Mich 89; *Smith* v. *First United Presbyterian Church* (1952), 333 Mich 1.

Affirmed. Costs to plaintiffs.

McGREGOR, P. J., and FITZGERALD and CYNAR, JJ., concurred.